IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| PARTHINEA PHILLIPS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-12-234 |
| | § | |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMIN.[1], | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, is Plaintiff Parthinea Phillips's action

pursuant to 42 U.S.C. §405(g) of the Social Security Act for a review of a final decision of the

Commissioner of the Social Security Administration (SSA) denying her claim for disability

insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the

Act. Both parties have filed Motions for Summary Judgment. After considering the parties'

briefs, the administrative record and the applicable law, the Court issues its Opinion and Order.

## I. BACKGROUND

Plaintiff Parthinea Phillips (Phillips) was born in 1975, has a tenth or eleventh grade

---

[1] In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn Colvin, who became the acting Commissioner of the Social Security Administration on February 14, 2013, is substituted as the defendant in this action.

education, and last worked in 2009 as a cook and/or cashier in a fast food restaurant. (Transcript (Tr.) 38, 39-42, 51, 61-62). She filed her applications for DIB and SSI on January 5, 2010, claiming an inability to work since May 10, 2009, due to "[hypertention, sleep apnea, asthma, depression, [and] [hyperlipidemia]." (Tr. 12. 141-147, 148-151, 190). The SSA denied her application at the first two levels of administrative review (Tr. 71-78, 80-85), and Phillips requested a hearing before an Administrative Law Judge (ALJ). (Tr. 86-87).

On April 28, 2011, the ALJ found that Phillips suffered the severe impairments of sleep apnea, obesity, asthma, hypertension and depression. (Tr. 14). Based on testimony by a medical expert and a vocational expert at the hearing, however, the ALJ found that Phillips was able to perform her past relevant work, that this work did not "require the performance of work-related activities precluded by her residual functional capacity," and that she was, therefore, not entitled to either DIB or SSI. (Tr. 12-20). Phillips requested the Appeals Council to review the decision and submitted additional evidence in support. (Tr. 1-4, 7-8). After reviewing the additional evidence submitted, the Appeals Council declined the request on June 6, 2012, making the ALJ's opinion the Commissioner's final decision.

## II. DISCUSSION

A federal court reviews the Commissioner's denial of benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 172, 173 (5th Cir. 1999). A court may not reweigh the evidence or try the issues *de novo*. *Johnson v. Bowen*, 864 F.2d 340, 343-344 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, not the Court, to resolve. *Brown*, 192 F.3d at 496.

2

Substantial evidence is defined as being more than a scintilla and less than a preponderance and of such relevance that a reasonable mind would accept it as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5ᵗʰ Cir. 1995). If the Commissioner's findings are adjudged to be supported by substantial evidence, then such findings are conclusive and must be affirmed. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson*, 864 F.2d at 343-344.

A claimant is disabled within the meaning of the Social Security Act if she has a medically determinable physical or mental impairment lasting at least 12 months that prevents her from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). To determine whether an individual is disabled, the Commissioner utilizes the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).[2] If the Commissioner decides at any step along the way that an individual is not disabled, the evaluation process comes to a halt at that particular step and proceeding further becomes unnecessary. *Barajas v. Heckler*, 738 F.2d 641, 643 (5ᵗʰ Cir. 1984). Additionally, only if the final step in the process is reached does the fact-finder consider the claimant's age, education, and work experience in light of her residual functional capacity. *See Rivers v. Schweiker*, 684 F.2d 1144, 1152-1153 (5ᵗʰ Cir. 1982).

### A. Appeals Council Review

Phillips initially argues that remand is warranted because the Appeals Council's decision does not reflect that it properly considered the additional medical records she submitted. In addition, she argues that the additional evidence she submitted to the Appeals Council diluted the record such that substantial evidence no longer supports the ALJ's decision.

---

[2] *See also*, 20 C.F.R. §§ 404.1520a, 416.920a.

The administrative record in this case clearly reflects that the Appeals Council received and reviewed the additional records submitted by Phillips's attorney. (Tr. 1-4). Nonetheless, the Appeals Council concluded that the additional "information does not provide a basis for changing the [ALJ's] decision." (Tr. 1-4). While Phillips argues that the decision is superficial and devoid of reasoning, the Appeals Council is not required to provide a "detailed discussion" for rejecting new evidence that it receives. *See Jones v. Astrue*, 228 Fed.Appx. 403, 407 (5th Cir. 2007); *Higginbotham v. Barnhart*, 405 F.3d 332, 337-38, n. 1 (5th Cir. 2005) (noting that "the requirement of a detailed discussion of additional evidence was suspended" in 1995); *Gonzalez v. Comm'r of Soc. Sec. Admin.*, No. 3:10-CV-02003-O BF, 2012 WL 1058114, at *10 (N.D.Tex. Jan. 26, 2012); *Musial v. Astrue*, No. 4:10-CV-280-A, 2011 WL 5346307, at *7 (N.D. Tex. Nov. 3, 2011).

Furthermore, having carefully considered all the evidence in the record,[3] the Court concludes that remand is not warranted on this basis because the medical evidence submitted by Phillips is not "so inconsistent with the ALJ's findings that it undermines the ultimate disability determination." *Gonzalez*, 2012 WL 1058114, at *10. In particular, the Court observes that the notes and assessment completed by Phillips's psychologist, Dr. Whitley, Ph.D., did not contain any new impairments that were not already acknowledged or incorporated by the ALJ in his decision. (Tr. 14-19, 254-270). While it is true that Dr. Whitley opined that Phillips would be unable to work, as a psychologist, he is not qualified to render opinions concerning physical conditions diagnosed by a medical doctor (*i.e.*, sleep apnea); nor is his assessment that she has

---

[3] *See Higginbotham*, 405 F.3d at 337 (recognizing that evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based).

4

a learning disorder or borderline IQ supported by any objective evidence or testing (*i.e.*, intelligence or otherwise). *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (recognizing that an opinion must be supported by medically acceptable clinical laboratory diagnostic techniques). Nevertheless, even to the extent his opinion was supported, the evidence reflects that Phillips worked for years with all of the conditions she now claims to be disabling. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995). Finally, Dr. Whitley's assessment that Phillips is unable to work goes to an issue expressly reserved for the Commissioner. *Villalpando v. Astrue*, 320 Fed.Appx. 208, 211 (5th Cir. 2009).

Accordingly, the Court concludes that because substantial evidence supports the Commissioner's ultimate disability decision, remand is simply not warranted for this alleged error. *See Beck v. Barnhart*, 205 Fed.Appx. 207 n. 6 (5th Cir. 2006); *Jones v. Astrue*, No. Civ.A 13-404-JJB, 2015 WL 1346244, at *8 (M.D. La. Mar. 23, 2015); *see also, Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (holding that remand was not warranted where there would have been no change in the ultimate finding that plaintiff was not disabled).

**B. The *Stone* Argument**

Phillips's next challenge relates to whether the ALJ followed the correct standard for medical severity in evaluating Phillips's impairments. Specifically, she argues that the ALJ "created legal error requiring remand when he failed to apply the correct severity standard to all of Phillips's impairments at step two of the five-step disability analysis." (Dkt. No. 15 at 14). The Court cannot agree. Although Phillips is correct that the ALJ did not recite the *Stone* standard or set forth the proper standard in discussion of the her impairments, this is not sufficient, standing alone, to warrant automatic remand. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012).

5

Instead, the Fifth Circuit has clarified that even if the ALJ erred in failing to follow the procedures set out in *Stone*,[4] such error does not require automatic remand unless the claimant is harmed by the error. *Taylor*, 706 F.3d at 603; *McDaniel v. Colvin*, No. 4:13-CV-989-O, 2015 WL 11169919, at *3 (N.D.Tex. March 13, 2015) (recognizing clarification set forth in *Taylor*); *see generally*, *Mays*, 837 F.2d at 1364 (recognizing that procedural perfection is not required unless it affects the substantial rights of a party).

Having considered the evidence in the record, the Court concludes remand is not warranted because any error was harmless. In particular, unlike *Stone*, the ALJ did not make his disability determination at step two. Instead, after finding all the impairments that Phillips alleged to be "severe",[5] the ALJ proceeded on to the remaining steps of the sequential process to consider all Phillips's medically determinable impairments – both severe and non-severe – before determining that she was not disabled and could return to her past relevant work.[6] *See Taylor*, 706 F.3d at 603 ("any error by the ALJ in not following the procedures set out in *Stone* [at step two] is harmless" when the ALJ proceeds to step five and determines that the claimant is not disabled); *Jones v. Bowen*, 829 F.2d 524, 527 n. 1 (5th Cir.1987) (rejecting claimant's argument concerning *Stone*

---

[4] In *Stone*, the Fifth Circuit stated that it would assume that the ALJ had applied an incorrect standard to the severity requirement unless the correct standard was either set forth by reference to *Stone* or expressly stated in the decision. *Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir. 1985). Absent such an express reference or statement in the decision, the Fifth Circuit determined "the claim must be remanded to the Secretary for reconsideration." *Id.*

[5] Phillips now contends that the ALJ erred when he failed to find her learning disorder and "possible" borderline IQ, which was never determined by any testing, to be "severe" impairments; however, she never alleged either was disabling, nor does the record support that these conditions were disabling. *See Leggett v. Chater*, 67 F.3d 558, 566-67 (5th Cir. 1995) (the ALJ was not required to explore "mere possible" disabilities that were never alleged by the claimant or supported in the record).

[6] The record clearly reflects that Phillips worked for years with a learning disorder and/or "possible" borderline IQ (Tr. 171). *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995).

6

because ALJ proceeded through steps four and five of the analysis); *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir.1987) (although *dicta*, the court explained that claimant was not harmed by any *Stone* error because the decision to deny the claimant benefits was not based on a finding of non-severity, but on whether he could return to his past relevant work); *Burqette v. Colvin*, No. 12-1155, 2013 WL 3776291, at *3 (W.D.La. July 15, 2013) (recognizing that no prejudice exists because "once a severe impairment is determined to exist, all medically determinable impairments [including non-severe ones] must be considered in the remaining steps of the sequential analysis").

### C. The Credibility Determination

Phillips's final challenge relates to the ALJ's credibility determination. Although the ALJ's decision reflects that he stated and applied the two-part credibility standard (Tr. 18-19), Phillips objects that the ALJ's finding (Tr. 19) is merely "boilerplate" and insufficient to find her not credible.

An ALJ must consider a claimant's testimony and indicate reasons for his credibility decision. *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1983). In making a credibility determination, the ALJ must consider the objective medical evidence, as well as other factors, including: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and (7) any factors concerning the individual's functional limitations and restrictions due to pain or other

symptoms. *See* SSR 96-7p, 1996 WL 374186, at *3 (S.S.A. July 2, 1996); *Salgado v. Astrue*, 271 F. App'x 456, 462 (5th Cir. 2008) (discussing factors). The ALJ is not, however, "required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility." *Giles v. Astrue*, 433 F. Appx. 241, 249 n. 30 (5th Cir. 2011). Instead, when the ALJ's credibility determination is supported by substantial evidence in the record, it must be "accorded great deference" by a reviewing court. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000); *see also, Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

     In the present case, the ALJ's decision does reflect the use of the boilerplate language of which Phillips complains, however, the ALJ's decision provides sufficient analysis detailing how he reached his conclusion and it is supported by substantial evidence in the record. For example, while acknowledging Phillips's subjective complaints,[7] the ALJ discussed Phillips's daily activities (*see* Tr. 17); the frequency, intensity and duration of Phillips's pain and symptoms (*see* Tr. 18-19); the factors that precipitated and/or aggravated her symptoms (*see* Tr. 19); the type, dosage, effectiveness and side effects of the medications she took to alleviate her symptoms (*see* Tr. 14-15, 17, 354, 357, 359, 366); aside from medication, any treatment recommended and received (*see* Tr. 14, 19); and other factors concerning her functional limitations and restrictions due to pain or other symptoms (*see* Tr. 14, 19). The ALJ also discussed the conclusions drawn by the physicians and/or mental health providers, treating or otherwise, and why and to what extent their notes and

---

[7] Phillips reported that she was unable to return to work because of sleep apnea and asthma; that she had depressive symptoms that included crying spells, dislike of being around others, inability to follow instructions well, seeing shadows and having problems understanding and remembering; that her psychotropic medication was effective "off and on"; that she receives psychiatric treatment once every three weeks; that she suffers from drowsiness and feeling more sensitive as a side effect of a medication; that she was not able to buy a C-PAP machine due to financial concerns, that she experienced no symptoms related to hypertension; and that she denies performing any form of work activity for pay or for free since May 2009. (Tr. 19)

records did, or did not, support Phillips's claims. (*See* Tr. 14-19).

Nevertheless, Phillips objects to the manner in which the ALJ characterized her lack of treatment for sleep apnea. She claims that her inability to afford the treatment (*i.e.*, a C-PAP machine) has resulted in the sleep apnea being disabling as a matter of law.[8] The law recognizes that an impairment that can be reasonably resolved through medical treatment is not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). If, however, the claimant demonstrates that she "cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law." *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir.1986); *see also*, SSR 82–59, 1982 WL 31384 at *4 ("All possible resources (e.g., clinics, charitable and public assistance agencies, etc.), must be explored" before an individual may claim he is unable to afford prescribed treatment); see also SSR 96–7p, 1996 WL 374186, at *8 (July 2, 1996). Based on the evidence in the record, Phillips made no such showing. On the contrary, the evidence before the ALJ reflected that Phillips was able to obtain care when she sought it and, due to her financial concerns, her treating doctors encouraged her to obtain a used C-PAP machine (Tr. 52, 271), but she never followed through with this recommendation despite having been diagnosed as far back as her first sleep study in 1999 when she was employed. *See Price v. Colvin*, No. 4:13-CV-01322, 2014 WL 2611804 at *2-3 (S.D. Tex. June 10, 2014) (claimant has not demonstrated that he is unable to obtain a C-PAP machine by utilizing any free or low-cost medical services potentially available). Accordingly, finding the ALJ's credibility determination to be supported by substantial evidence in the record, the Court concludes that the ALJ's

---

[8] During the hearing, Phillips testified that she had a sleep study in 1999 and that a doctor advised her that a C-PAP machine was needed to treat and/or correct her sleep apnea. Phillips testified that she was unable to afford a C-PAP machine to treat her sleep apnea. (Tr. 14-15, 271, 347).

9

determination is entitled to "great deference." *See Chambliss*, 269 F.3d at 522; *Newton*, 209 F.3d at 459.

## CONCLUSION

Considering the record as a whole, this Court concludes that proper legal standards were adhered to and the Commissioner's decision is supported by substantial evidence. The Court, therefore, concludes that the Plaintiff's Motion for Summary Judgment (Dkt. No. 15) is **DENIED**, that Defendant's Motion for Summary Judgment (Dkt. No. 16) is **GRANTED**; and that this action must be **DISMISSED**.

**DONE** at Galveston, Texas, this ___21ˢᵗ___ day of April, 2015.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

10